**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

ANDREW ABRAHAMS-PARRA,

    Petitioner,

v.                                        CASE NO. 8:03-CV-443-T-30TBM
                                                                                        8:01-CR-323-T-30TBM

UNITED STATES OF AMERICA,

    Respondent.
_____/

**ORDER**

This cause is before the Court on Petitioner's Place Holder Motion Challenging Subject Matter Jurisdiction Pursuant to Title 28 U.S.C. § 1331 (CV Dkt. 6). In his motion, Petitioner asserts that he "is not attacking the conviction/sentence but the procedure in which the sentence was imposed using the pleadings as therein of *Blakely*[1] and it progeny" (Dkt. 6 at 2).

Because Petitioner is a "prisoner in custody under sentence of a court established by Act of Congress," a § 2255 motion is the proper means for Petitioner to challenge the legality of his conviction or the length of his detention. 28 U.S.C. § 2255. *See also Sawyer*

---

[1] *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531 (2004); *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 756 (2005) (finding that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt"). To the extent that the motion may be read to assert that Petitioner's case was infected with a *Blakely/Booker* violation, in light of the broad waiver of appeal language contained in his plea agreement, he has waived his right to appeal on this basis. *See United States v. Rubbo*, 396 F. 3d 1330 (11th Cir. 2005); *accord United States v. Grinard-Henry*, 399 F. 3d 1294 (11th Cir. 2005). Moreover, the Eleventh Circuit Court of Appeals has held that the decisions in *Blakely* and *Booker* do not apply retroactively in a collateral review proceeding brought under § 2255. *See In re Andersen*, 396 F. 3d 1336 (11th Cir. 2005) (and cases cited); *accord Varela v. United States*, 400 F. 3d 864 (11th Cir. 2005). Hence, this claim has no merit.

*v. Holder*, 326 F.3d 1363, 1365 n. 3 (11th Cir. 2003).   Petitioner has, however, already filed a § 2255 motion, which was denied on November 13, 2003 (Dkt. 4).  Since Petitioner has previously sought collateral relief pursuant to § 2255, this new action is a second or successive action.

The Antiterrorism and Effective Death Penalty Act of 1996 contains several habeas corpus amendments, one of which established a "gatekeeping" mechanism for the consideration of "second or successive habeas corpus applications" in the federal courts. "[A] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain (1) newly discovered evidence . . . or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255.  *See* 28 U.S.C. 2244(a) (stating that "[n]o circuit or district judge shall be required to entertain an application for a writ of habeas corpus . . . if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255."). *See also* 28 U.S.C. § 2244(b); *Wofford v. Scott*, 177 F.3d 1236, 1238 (11th Cir. 1998), *cert. denied*, 531 U.S. 840 (2000).

Since Petitioner has failed to persuade this Court that the remedy under § 2255 is inadequate or ineffective or that he has applied to the court of appeals for an order authorizing this Court to consider his application, the Court is without jurisdiction to entertain his motion. This motion will, therefore, be denied without prejudice to allow Petitioner the opportunity to seek said authorization.

ACCORDINGLY, the Court **ORDERS** that:

1. Petitioner's Place Holder Motion Challenging Subject Matter Jurisdiction Pursuant to Title 28 U.S.C. § 1331 (CV Dkt. 6) is **DENIED** without prejudice.

2. The **Clerk** is directed to send Petitioner the Eleventh Circuit's application form for second or successive habeas corpus petitions under 28 U.S.C. § 2244(b).

**DONE** and **ORDERED** in Tampa, Florida on February 10, 2006.

*[signature]*

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copy furnished to:
*Pro se* Petitioner
Counsel of Record

SA:jsh