**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ANDREW ABRAHAMS-PARRA,

   Petitioner,

v.   CASE NO. 8:03-CV-443-T-30TBM
                                        8:01-CR-323-T-30TBM
UNITED STATES OF AMERICA,

   Respondent.
_____/

## ORDER

This matter comes before the Court for consideration of Petitioner's Motion Requesting Certificate of Appealability ["COA] Review Pursuant to Rule 22(a), Fed. R. App. P.,[1] and 28 U.S.C. § 2253.[2] (Dkt. 126). Petitioner has also filed a Motion for Leave to Proceed *In Forma Pauperis* on appeal (Dkt. 129) and an Affidavit of Indigency in support thereof (Dkt. 130). The Court construes the COA request as a notice of appeal of the February 10, 2006 order denying Petitioner's Place Holder Motion Challenging Subject Matter Jurisdiction Pursuant to Title 28 U.S.C. § 1331 (CV Dkt. 6). In light of Petitioner's statement therein that he was "not attacking the conviction/sentence but the procedure in which the sentence was imposed" based on the holdings in "*Blakely* and it[s] progeny" (Dkt.

---

[1] "Certificate of Appealability. (1) In a . . . 28 U.S.C. §§ 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. §§ 2253(c). If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue. . . . If no express request for a certificate is filed, the notice of appeal constitutes a request addressed to the judges of the court of appeals." Rule 22, Fed. R. App. P.

[2] "[I]n . . . a proceeding under section 2255 . . , the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held. . . . (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from -- . . .(B) the final order in a proceeding under section 2255. . . . (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c).

6 at 2), the Court denied Petitioner's motion as a second or successive motion for collateral relief under 28 U.S.C. § §2255 pursuant to 28 U.S.C. § 2244(b). *See Sawyer v. Holder*, 326 F.3d 1363, 1365 n. 3 (11th Cir. 2003).

Issuance of a COA does not require a showing that the appeal will succeed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-37 (2003). Under the controlling standard, a petitioner must, however, demonstrate that reasonable jurists could find it debatable whether (1) the petition states a valid claim of the denial of a constitutional right <u>and</u> (2) the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir. 2001); *Franklin v. Hightower*, 215 F.3d 1196, 1199 (11th Cir. 2000) (per curiam). Petitioner has failed to make this threshold showing. *See Slack*, 529 U.S. at 485; *Franklin*, 215 F.3d at 1199.

ACCORDINGLY, the Court **ORDERS** that:

1. Petitioner's Motion Requesting Certificate of Appealability ["COA] Review Pursuant to Rule 22(a) (Dkt. 126) is **DENIED**.

2. The Motion for Leave to Proceed *In Forma Pauperis* (Dkt. 129) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on April 5, 2006.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>Copies furnished to</u>:
Counsel/Party of Record

SA:jsh